UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Joseph Emerson,  				Case No. 3:19-cv-461

        Plaintiff

   v.  					MEMORANDUM OPINION
					AND ORDER
City of Monroe, *et al.*,

        Defendants


*Pro se* plaintiff Joseph Emerson, a frequent frivolous filer in federal court, has filed this *in forma pauperis* action against the City of Monroe, the City of Toledo, Mytee Automotive, and Mark Siebarth.[1] He filed his original complaint (Doc. No. 1) on March 1, 2019; on March 8th, he filed a "Complaint and Request for Injunction" (Doc. No. 5).

Neither of his pleadings, or any of the attachments he has submitted, set forth cogent factual allegations or legal claims against any defendant. In his original complaint, he alleges he was "slandered a drug dealer and rapist for 2 decades by interstate law agencies," and contends he asserts federal jurisdiction for "slander, deformation [sic] of character, obstruction of justice, crim[in]al sex traffic, interstate." (Doc. No. 1 at 3-4.) The allegations in his Complaint and Request for Injunction are likewise rambling, unclear, and conclusory. In the portion of his form complaint asking him to set forth the factual basis for his claims, he simply states: "Photos taken, journal

---

[1] After the plaintiff filed this lawsuit, he was enjoined from filing any future lawsuits in this District without paying the filing fee. *See Emerson v. Facebook et al.*, Case No. 3: 19 CV 475 (May 19, 2019) (Zouhary, J.).

kept, and law agencies between females and I sex games, entrapment. A lab specialist Munroe was killed, attempted murder me." (Doc. No. 5 at 5.)

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are required under 28 U.S.C. §1915(e)(2)(B) to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).

A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A court may, therefore, dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. An action has no arguable basis in fact "if it describes fantastic or delusional scenarios." *Abner v. SBC (Ameritech)*, 86 F. App'x 958 (6th Cir. 2004).

Even according the plaintiff's complaint the deference to which a *pro se* pleading is entitled, I find it must be summarily dismissed. The incoherent statements and allegations set forth in the plaintiff's pleadings are insufficient to suggest he has any plausible federal claim on which he may be granted relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not

required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief). Further, his action falls within the realm of frivolousness.

## Conclusion

Accordingly, the plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, his request for injunctive relief is denied, and this action is dismissed pursuant 28 U.S.C. § 1915(e)(2)(B). I further certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

<u>s/ Jeffrey J. Helmick</u>
United States District Judge